2THOMAS F. DALEY, Judge.
The plaintiff, Desiree Black, has appealed the trial court’s grant of summary judgment in favor of the defendant.
The plaintiff filed this lawsuit for injuries sustained while she was working as a security guard for Wackenhut Corporation at Avondale Shipyards (Avondale). Plaintiff alleged that while working in her position at Avondale, she was struck by an intoxicated seaman, Romeo Salac, a crew-member of the vessel, STOLT SPARY. Plaintiff filed suit against Avondale, Salac, and Stolt-Neilsen, Inc., the operator of the ship. She then amended the petition to include Stolt Parcel Tankers, Inc., Stolt Spray, Inc., and Stolb-Nielsen Marine Ser *194 vices, Inc., hereinafter collectively referred to as Stolt. Avondale was dismissed when the trial court granted summary judgment in its favor. That dismissal was affirmed by this Court. Black v. Avondale Industries, Inc., 00-15 (La.App. 5 Cir. 3/28/01), 783 So.2d 505. Salac was dismissed without prejudice due to improper service and lack of personal jurisdiction. Stolt filed a Motion for Summary Judgment, claiming there |3were no issues of material fact and it is entitled to judgment as a matter of law. This motion was initially denied. After discovery was complete, Stolt reurged its motion, which was granted. Plaintiff filed this timely appeal.
LAW AND DISCUSSION:
Appellate courts review summary judgments de novo using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966C.(2) provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In its Motion for Summary Judgment, Stolt argues that it has no liability for the alleged injuries sustained by plaintiff under any theory of recovery. Stolt acknowledges that an employer is vicariously liable for the acts of its employees, but only for those acts that occur in the course and scope of employment. Stolt contends that Salac was not in the course and scope of his employment when he allegedly struck plaintiff, therefore, Stolt has no liability for this incident. Stolt further argues that even if Salac was intoxicated at the time of the alleged incident, and even if Stolt supplied alcohol to Salac, Stolt has no liability for Salac’s actions.
^Attached to Stolt’s motion were the depositions of plaintiff and Firdo Josepha, the Chief Mate of the STOLT SPRAY. Mr. Josepha testified that at the time of this alleged incident, the ship was being repaired at Avondale. During this time, the crew did maintenance work on the ship. This work was carried out from 8:00 a.m. to 5:00 p.m. The crew was free to go off the ship as long as they returned for normal working hours.
Mr. Josepha testified that he was on the phone at the time of the alleged incident and when he got off of the phone he was informed by plaintiff that an intoxicated crewman had struck her because she refused to let him use the phone. The police were called and he went on the ship with police officers to find Salac. Mr. Josepha denied having any prior complaints regarding Salac.
Mr. Josepha testified that the captain allowed the crew to consume beer on the ship at certain times. The crewmen were drinking beer" on the night of the incident, but he had no specific knowledge regarding Salac’s alcohol consumption.
*195 Ms. Black testified that she was assigned to guard the STOLT SPRAY at Avondale. She explained that her only contact with the crew members was when they got off the ship to use the phone located near the guard shack. Salac had used the phone previously without incident. Ms. Black testified that on this particular night, she told Salac that he would have to wait to use the phone since someone was using it. Salac initially turned back towards the ship, then stopped and vomited. She testified that Salac then came toward her “swinging” at her. Ms. Black testified that Salac struck her in the face, knocking her down where she struck her head on a pipe. She testified that Salac continued hitting her until two Avon-dale employees approached at which time Salac ran off. Ms. Black testified that Salac had a can of beer in his hand and that she smelled alcohol on his breath.
In her opposition, plaintiff argues that the fact that Salac was briefly on shore to make a phone call at the time of the attack is not relevant. She contends |Bthat Stolt’s negligent supervision of alcohol provided to its crew members on the STOLT SPARY caused injuries on land, could have had a disruptive effect on maritime commerce and was an activity of a traditional maritime character. She argues that although her injuries were suffered on land, they were caused by the STOLT SPARY, a vessel on navigable water. Plaintiff concludes that the tort in question was the provision of copious amounts of alcohol to seamen on a ship and the permitting of the intoxicated seaman to leave the ship and cause harm to a third party. Plaintiff asserts that because the tort of providing alcohol to seamen took place on navigable water, general maritime law should apply.
We disagree with plaintiffs position. The tort in this instance was Salac striking plaintiff, not Stolt’s act of supplying alcohol to the seamen. We find no need to apply general maritime law to this case involving a battery committed on land by a seaman. The New Orleans area has historically opened its doors to reveling sailors. We find no precedent in Louisiana law for applying maritime law to seamen who get into altercations on land.
Furthermore, we disagree with plaintiffs assertion that this act bears a substantial relationship to maritime activity. This was an altercation that took place on land over Salac’s use of the telephone. Salac wanted to use the phone to call his mother, an act that has absolutely no relationship to maritime activity. We find the application of Louisiana law to be more appropriate.
In order to determine whether an employer is vicariously hable for the tort of its employee, we must first determine whether the tort arises out of the employment. In making this determination, the Supreme Court has considered the following factors: (1) whether the tortuous act was primarily employment rooted, (2) whether the violence was reasonably incidental to the performance of the employee’s duties, (3) whether the act occurred on the employer’s premises, and (4) whether the act occurred during the hours of employment. LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974). Even if an intentional tort occurs during working hours on- the employer’s premises, vicarious liability will only attach if the employee is acting within the course and scope of his employment and in furtherance of his employer’s business. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994.
In the case before us, the alleged assault clearly did not occur on Stolt’s ship, nor did the assault occur during Sa-lac’s horus of employment. Mr. Josepha testified that while the ship was being *196 repaired, the crewmen worked from 8 a.m. to 5 p.m. The alleged assault occurred at 10:55 p.m. Mr. Josepha testified that Sa-lac’s duties while the ship was being repaired were related to maintenance of the ship. Ms. Black testified that Salac left the ship to make a phone call; Salac then told her he had to call his mother. Salac’s act of calling his mother is not related to Stolt’s business. Considering all of the factors set forth by the Supreme Court to determine whether an employer is vicariously liable for the acts of its employee, we find Stolt is not vicariously liable for Sa-lac’s alleged assault on Ms. Black.
Finally, plaintiff contends that Stolt is liable because Stolt provided alcohol to Salac and Salac was intoxicated at the time of the incident. We find that whether or not Stolt provided the alcohol and whether or not Salac was intoxicated is not material. For the reasons stated earlier, general maritime law does not apply, rather Louisiana law applies. Under Louisiana law, the full responsibility for damages occasioned by consumption of alcoholic beverages is placed directly and solely on the person consuming the beverages. As a result, a provider of alcohol is not liable for injury inflicted by an intoxicated person. R.S. 9:2800.1.
^CONCLUSION:
There are no genuine issues of material fact, therefore, the trial court correctly granted summary judgment in favor of ’Stolt. For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.